# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAII LESHAWN QUINONES, ) | |
| a/k/a JERMAINE L. WINDHAM, ) | |
|                             ) | |
| Plaintiff, ) | |
| v.                          ) | No. 4:25-cv-01202-SEP |
|                             ) | |
| UNKNOWN LOVE, et al. ) | |
|                             ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, Doc. [2], and Motion for Emergency Injunction, Doc. [4]. For the reasons set forth below, the Court grants Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and denies Plaintiff's Motion for Emergency Injunction, Doc. [4].

### MOTION TO PROCEED IN FORMA PAUPERIS

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if a plaintiff demonstrates he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Proceeding without prepayment, or *in forma pauperis* status, is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still provide for "the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.,* 231 F.3d 456, 459 (8th Cir. 2000).

It appears that Plaintiff is not currently employed. Doc. [2]. He lists an income of $13,080 per year in disability benefits, and while he does not list his monthly expenses, he states that he owes $485 per month in child support. Based on Plaintiff's income and expenses, the Court will grant Plaintiff's Motion to Proceed *in Forma Pauperis*, Doc. [2].

### BACKGROUND

Plaintiff Jaii LeShawn Quinones, a self-represented litigant, filed this action on August 8, 2025, on the Court's Civil Complaint form against the following individuals: (1) Unknown Love, Administrator at the Missouri Department of Social Services, Division of Family Services;

(2) Laurie Knight, Missouri Assistant State Attorney; (3) Moises M., Supervisor, United States Passport Control Office; and (4) John Doe, Superior, United States Passport Control Office. Doc. [1] at 2.  Plaintiff alleges claims under the Americans with Disabilities Act (ADA), the Rehabilitation Act (Rehab Act), the Privacy Act, the Administrative Procedures Act (APA), and the State Department's Passport Denial Program, 42 U.S.C. § 652(k).  *Id*. at 3.

Based on Plaintiff's assertions and the documents attached to his Complaint, Plaintiff has been obligated to pay child support in the State of Missouri since 1992.  *See* Doc. [1-1] at 16-19; *see also Thomas v. Windham,* No. 22967-01759 (22nd Jud. Cir., St. Louis City Court); *Moore v. Windham*, No. 22967-02932 (22nd Jud. Cir., St. Louis City Court); *Missouri Family Support Div. v. Jermaine Windham*, No. 1022-FC00024-01 (22nd Jud. Cir., St. Louis City Court); *Windham v. Mo. Dept. of Revenue,* No. 1722-CC11233 (22nd Jud. Cir., St. Louis City Court); *Missouri Family Support Div. v. Windham*, No. 22047-01314-01 (22nd Jud. Cir., St. Louis City Court).[1]  Plaintiff claims that his passport applications have been denied based on Missouri Department of Social Services' reports to the Passport Office that Plaintiff owes back child support.

Upon review of Plaintiff's exhibits, it appears that Plaintiff applied for a passport on August 15, 2023, which was denied on October 24, 2023, because Plaintiff owed child support payments.  Doc. [1-1] at 59, 66, 72, 73.  Plaintiff appears to have applied again and received a letter from the Chicago Passport Agency on February 14, 2024, stating that he was still ineligible to receive a passport.  *Id*. at 72.  On June 2, 2025, Plaintiff sent a letter to the Chicago Passport Agency requesting "the immediate release" of his passport.  *Id*. at 66.  The agency sent Plaintiff a letter on June 30, 2025, stating that they were returning his documents because his application was already denied.  *Id*. at 65.  Plaintiff was instructed that, if he would still like to obtain a passport, he would need to reapply by submitting an application at a passport acceptance facility.  *Id*.  It appears that Plaintiff applied for a passport again on August 1, 2025, and received a notice a few days later that he needed to provide additional information.  *Id*. at 58, 59, 62.  On August 2, 2025, he sent the Chicago Passport Agency a letter "formally request[ing] immediate suspension of all passport processing actions and a full refund of fees associated with my

---

[1] Plaintiff's underlying state court cases were reviewed on Case.net, Missouri's online case management system.  The Court takes judicial notice of these public records.  *See Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003).

applications dated August 1, 2025[,] and August 15, 2023, as these were collected in violation of active litigation and federally protected rights." *Id*. at 59.  Liberally construing the claims in Plaintiff's Complaint, he asserts that the federal government violated the APA, the Due Process Clause of the Fifth Amendment, and 42 U.S.C. § 652(k) by denying his requests for a passport without notice or a hearing.

Plaintiff also states that the Missouri Department of Social Services failed to accommodate his disability status by garnishing his wages for an untold amount and providing information to the United States Passport Office relating to his failure to pay child support.  Doc. [1-2] at 3.  Plaintiff has not identified his alleged serious health condition or disability.  The only reference to a medical condition in his Complaint is a letter from a physician dated February 22, 2024, stating that Plaintiff would be traveling to British Columbia the first week of March 2024 for "treatment/surgical procedures for chronic injuries of both hips, surgical procedure for his left rotator cuff, and evaluation for right rotator cuff injury."  Doc. [1-1] at 70.

Plaintiff further contends that, in one of his child support cases, he was "wrongfully ruled the father by default." *Id*. at 14.  Plaintiff asserts that assessing child support to him without proof of paternity is a violation of his due process rights. *Id*.  Plaintiff also claims that, in three of his child support cases, the mothers were "legally married while receiving state assistance," and the Missouri Family Support Division failed to make an accurate assessment of the women's financial circumstances when the child support awards were assessed. *Id*.  According to Plaintiff, the Missouri Family Support Division Child Support Office unlawfully assessed child support orders against him without "judicial oversight" in violation of his due process rights. *Id*.

Plaintiff seeks an order from this Court to "immediately restrain and enjoin Defendants from continuing enforcement actions that have unlawfully obstructed Plaintiff's access to a United States Passport."  Doc. [4] at 1.  He also seeks to stop collection or garnishment efforts relating to Missouri child support while this matter is under litigation. *Id*.  Plaintiff asserts that he is a "disabled veteran with ongoing medical, legal and educational duties requiring international travel, including urgent property matters in Vancouver, British Columbia." *Id*. at 2.  He has submitted a copy of a real estate purchase agreement for a residence in Vancouver, British Columbia.  Doc. [1-1] at 1-6.  Plaintiff also claims the denial of his passport has caused him to miss unnamed deadlines and other "obligations."  Doc. [4] at 2.

3

**MOTION FOR EMERGENCY INJUNCTION**

An injunction is an "extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 27 (2008). In determining whether to grant a temporary restraining order or a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff,* 782 F.3d 1016, 1021 (8th Cir. 2015) (citation modified). "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Pub. Co. v. Mead Data Cent., Inc.,* 799 F.2d 1219, 1222 (8th Cir. 1986). The burden of proof is on the party seeking injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

Plaintiff has not met the standard for obtaining injunctive relief. In particular, he has not shown what irreparable harm he will suffer if a restraining order is not entered. In fact, it appears that the issues Plaintiff complains of have been ongoing for quite some time. Because failure to show irreparable harm is an "independently sufficient basis upon which to deny a preliminary injunction," Plaintiff's motion for an emergency injunction is denied. *Sessler v. City of Davenport*, 990 F.3d 1150, 1156 (quotation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, Doc. [2], is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Emergency Injunction, Doc. [4], is **DENIED.**

Dated this 15th day of August, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE