**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAII LESHAWN QUINONES, | ) | |
| a/k/a JERMAINE L. WINDHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:25-cv-01202-SEP |
| | ) | |
| UNKNOWN LOVE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff's motions: (1) Motion to Appoint Counsel, (2) Motion for Reconsideration, and (3) Motion for Extension of Time to Complete Service and Request for Service. Docs. [3], [6], [7]. Plaintiff, who is also known as Jermaine L. Windham,[1] appears to be seeking to facilitate approval of his application for a United States passport by challenging various child support actions against him. On initial review under 28 U.S.C. § 1915(e)(2), the Court dismisses the Complaint for failure to state a claim upon which relief may be granted.

**LEGAL STANDARD ON INITIAL REVIEW**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To successfully state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

---

[1] Copies of Plaintiff's Petition for Name Change are attached to his Complaint. Doc. [1] at 13-18.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### PLAINTIFF'S CLAIMS

Plaintiff Jaii LeShawn Quinones, a self-represented litigant, filed this action on August 8, 2025, on the Court's Civil Complaint form, against the following individuals: (1) Unknown Love, Administrator at the Missouri Department of Social Services, Division of Family Services; (2) Laurie Knight, Missouri Assistant State Attorney; (3) Moises M., Supervisor, United States Passport Control Office; and (4) John Doe, Superior, United States Passport Control Office. Doc. [1] at 2. Plaintiff asserts claims under the Americans with Disabilities Act (ADA), the Rehabilitation Act (Rehab Act), the Privacy Act, the Administrative Procedures Act (APA), and the State Department's Passport Denial Program, 42 U.S.C. § 652(k). *Id.* at 3.

Based on Plaintiff's assertions and the documents attached to his Complaint, Plaintiff has been obligated to pay child support in the State of Missouri since 1992. *See* Doc. [1-1][2] at 16-19; *see also Thomas v. Windham*, No. 22967-01759 (22nd Jud. Cir., St. Louis City Court); *Moore v. Windham*, No. 22967-02932 (22nd Jud. Cir., St. Louis City Court); *Missouri Family Support Div. v. Jermaine Windham*, No. 1022-FC00024-01 (22nd Jud. Cir., St. Louis City Court); *Windham v. Mo. Dept. of Revenue,* No. 1722-CC11233 (22nd Jud. Cir., St. Louis City

---

[2] The Court has placed Doc. [1-1] temporarily under seal due to the failure to redact personal identifying information as required by Eastern District of Missouri Local Rule 2.17(A)(1), (5). Because Plaintiff has not filed a motion for sealing pursuant to Eastern District of Missouri Local Rule 13.05, Doc. [1-1] will be re-docketed unsealed with such information redacted within 14 days of this Order.

Court); *Missouri Family Support Div. v. Windham*, No. 22047-01314-01 (22nd Jud. Cir., St. Louis City Court).[3] Plaintiff claims that his passport applications have been denied based on Missouri Department of Social Services' reports to the Passport Office that Plaintiff owes back child support.

Upon review of Plaintiff's exhibits, it appears that Plaintiff applied for a passport on August 15, 2023, and was denied on October 24, 2023, because Plaintiff owed child support payments. Doc. [1-1] at 59, 66, 72, 73. Plaintiff appears to have applied again and received a letter from the Chicago Passport Agency on February 14, 2024, stating that he was still ineligible to receive a passport. *Id.* at 72. On June 2, 2025, Plaintiff sent a letter to the Chicago Passport Agency requesting "the immediate release" of his passport. *Id.* at 66. The agency sent Plaintiff a letter on June 30, 2025, stating that it was returning his documents because his application was already denied. *Id.* at 65. Plaintiff was instructed that, if he would still like to obtain a passport, he would need to reapply by submitting an application at a passport acceptance facility. *Id.* It appears that Plaintiff applied for a passport again on August 1, 2025, and received a notice a few days later that he needed to provide additional information. *Id.* at 58, 59, 62. On August 2, 2025, he sent the Chicago Passport Agency a letter "formally request[ing] immediate suspension of all passport processing actions and a full refund of fees associated with my applications dated August 1, 2025[,] and August 15, 2023, as these were collected in violation of active litigation and federally protected rights." *Id.* at 59. Liberally construed, the Complaint alleges that the federal government violated the APA, the Due Process Clause of the Fifth Amendment, and 42 U.S.C. § 652(k) by denying Plaintiff's requests for a passport without notice or a hearing.

Plaintiff also states that the Missouri Department of Social Services failed to accommodate his disability status by garnishing his wages for an untold amount and providing information to the United States Passport Office relating to his failure to pay child support. Doc. [1-2] at 3. Plaintiff has not identified his alleged serious health condition or disability. The only reference to a medical condition in his Complaint is a letter from a physician dated February 22, 2024, stating that Plaintiff would be traveling to British Columbia the first week of March 2024 for "treatment/surgical procedures for chronic injuries of both hips, surgical procedure for his left rotator cuff, and evaluation for right rotator cuff injury." Doc. [1-1] at 70.

---

[3] The Court takes judicial notice of the public filings in Plaintiff's state court cases, which it accessed via Missouri Case.net. *See Stahl v. USDA*, 327 F.3d 697, 700 (8th Cir. 2003).

3

Plaintiff further contends that, in one of his child support cases, he was "wrongfully ruled the father by default." *Id.* at 14.  He argues that assessing child support to him without proof of paternity is a violation of his due process rights. *Id.*  Plaintiff also claims that, in three of his child support cases, the mothers were "legally married while receiving state assistance," and the Missouri Family Support Division failed to make an accurate assessment of the women's financial circumstances when the child support awards were assessed. *Id.*  According to Plaintiff, the Missouri Family Support Division Child Support Office unlawfully assessed child support orders against him without "judicial oversight," in violation of his due process rights. *Id.*

DISCUSSION

**I.   Plaintiff fails to connect his claims to the named Defendants.**

Throughout Plaintiff's filings, he fails to impute any injury he has suffered to the act of a named Defendant.  He does not allege, for example, that the two Defendants who purportedly work at the U.S. Passport Office wrongfully denied him his passport; nor does he assert that the Missouri Department of Family Services Administrator, Unknown Love, failed to perform a review of his child support assessments; nor does he allege that Missouri Assistant Attorney General Laurie Knight somehow harmed him.  In fact, the Complaint does not even state which legal claims Plaintiff is asserting against which Defendant(s).  Plaintiff's claims could be dismissed on that basis alone. *See Love v. Schoffman,* 142 F. App'x. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms").  Given that Plaintiff is representing himself, the Court assumes for the purposes of preliminary review that he could cure this pleading defect in an amended complaint and proceeds to consider the viability of his claims.

**II.  Plaintiff fails to state a claim based on the denial of his passport for nonpayment of child support.**

Although it is not clear which Defendant he intends to sue for the denial of his passport applications, Plaintiff plainly contests the denial of those applications on the basis of child support arrearages. *See* Doc. [1-1] at 14 ("Respondent's inclusion on the passport denial list under 42 U.S.C. § 652(k) is improper, as no evidence exists that he owes $2,500 or more in arrears."), at 19 ("I was named father by default based on misrepresented claims"), at 66 ("Missouri wrongfully assigned financial responsibility to Respondent"), at 66 ("This letter

4

serves as a formal demand for the immediate release of my U.S. passport(s), which were unlawfully withheld due to a disputed child support debt certification provided by Missouri Child Support Enforcement.").  Plaintiff cites 42 U.S.C. § 652(k) and 22 U.S.C. § 2714a(f) as bases for his challenge to the denial of his passport, *see* Doc. [1-2] at 3, but as his arguments relate to the process set forth in 42 U.S.C. § 652(k), *see, e.g.*, Doc. [1-1] at 27, and he does not allege any injury relating to 22 U.S.C. § 2714a(f)—which authorizes the Secretary of State to deny the passport application of an individual who fails to include a social security number—the Court will construe his claims relating to the denial of his passport as relating to 42 U.S.C. § 652(k).

Under 42 U.S.C. § 652(k), if the U.S. Department of Health and Human Services (HHS) receives a certification from a state agency that an individual "owes arrearages of child support in an amount exceeding $2,500," HHS shall transmit the certification to the Secretary of State, and the Secretary of State shall "refuse to issue a passport, and may revoke, restrict or limit a passport previously issued, to" the individual.  42 U.S.C. § 652(k)(1), (2).  The statute makes clear that "[t]he Secretary [of HHS] and the Secretary of State shall not be liable to an individual for any action with respect to a certification by a State agency under this section."  *Id.* § 652(k)(3).  Instead, "the Stage agency" is tasked with "hav[ing] in effect a procedure for certifying to the Secretary, for purposes of the procedure under 652(k) of this title, determinations that individuals owe arrearages of child support in an amount exceeding $2,500," 42 U.S.C. § 654(31), pursuant to which "each individual concerned is afforded notice of such determination and the consequences thereof, and an opportunity to contest the determination," *id.* § 654(31)(A).

Under Missouri Revised Statute § 454.511, prior to certifying Plaintiff's debt to HHS, the Division of Child Support Services should have issued a notice of the proposed certification and the consequences thereof upon Plaintiff.  *See id*.  Within 30 days of receipt of the notice, Plaintiff was permitted to contest the proposed certification by requesting in writing a hearing pursuant to the procedures in Missouri Revised Statute § 454.475.  If no hearing was requested, the Director of the Department of Social Services would have been authorized to enter a default order.  MO. REV. STAT. § 454.500.1.  Section 454.500 of the Missouri Revised Statutes explains the administrative procedure through which a party may seek to modify an administrative order

5

previously entered pursuant to § 454.475.[4]  A parent or custodian who is adversely affected by the decision may petition for judicial review pursuant to §§ 536.100-140 in the proper *state circuit court* within 30 days of the decision's mailing.  *Id.* § 454.475.5 (emphasis added).  Thus, to the extent Plaintiff has a grievance about the decision made by Missouri's authorities, his recourse under Missouri law is in Missouri state court.  Instead, Plaintiff has brought suit against the individual decision-makers in federal court, alleging that their execution of Missouri's procedures in his case violated his constitutional rights.  *See, e.g.*, Doc. [1-1] at 14-15.

Under analogous circumstances, the Eighth Circuit granted qualified immunity to a state employee who garnished the plaintiff's wages for child support "in accordance with statutes authorizing such action."  *Trendle v. Campbell*, 465 F. App'x. 584 (8th Cir. 2010).  In *Trendle*, the plaintiff brought an action pursuant to § 1983 alleging defendant Alyson Campbell, in her individual capacity as Director of the Missouri Department of Social Services, Family Support Division, violated his due process rights because of the temporary garnishment of his wages for child support.  The trial court dismissed the case on abstention grounds, finding that the due process claim was "inextricably intertwined with issues that were subject to prior state adjudications."  *Trendle v. Campbell*, 2011 WL 2899118, at *5 (E.D. Mo. July 19, 2011), *aff'd as modified*, 465 F. App'x 584 (8th Cir. 2012) (citing *Kahn v. Kahn*, 21 F .3d 859, 861 (8th Cir. 1994)).  The Eighth Circuit held that Ms. Campbell was entitled to qualified immunity.  *Trendle*, 465 F. App'x at 585 (citing *Akins v. Epperly*, 588 F.3d 1178, 1183 (8th Cir. 2009) (qualified immunity requires two-part inquiry:  (1) whether facts shown by plaintiff make out violation of right in question, and (2) whether right was clearly established at time of defendant's alleged misconduct)).  The Eighth Circuit's rationale in *Trendle* applies equally to this case, where Plaintiff has not shown the violation of a clearly established right and the state actors sued acted in accordance with federal and state statutes.

Prosecutor Laurie Knight would also be entitled to immunity for her actions in attempting to recoup child support from Plaintiff.  *See Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).  Additionally, as noted above, because Plaintiff makes no specific allegations against

---

[4] Plaintiff does not allege that he exhausted these administrative remedies before filing suit, as required by Mo. Rev. Stat. § 536.100.  *See Wilson v. Nenninger*, 561 S.W.3d 804, 811 (Mo. Ct. App.  2018) (A state circuit court has no authority to review the administrative order if the party seeking judicial review failed to exhaust and timely utilize all available administrative remedies.).  But even assuming he did, his recourse would be in state court.  *See* Mo. Rev. Stat. § 454.475.5.

Defendants Moises M. and John Doe, his claims against them are subject to dismissal.  *See S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (government officials are personally liable only for their own misconduct).

### III.   Plaintiff's facial challenge to the constitutionality of 42 U.S.C. § 652(k) also fails.

Plaintiff alleges that the passport denial scheme violates his due process rights under the Fifth and Fourteenth Amendments, Doc. [1-2] at 3; and his constitutional right to travel, Doc. [1-1] at 27.  In support of this assertion, Plaintiff cites *Kent v. Dulles*, 357 U.S. 116 (1958), which he claims established the constitutional right to travel.  While there is a constitutional right to *interstate* travel, there is no fundamental constitutional right to *international* travel.  "[T]his Court has often pointed out the crucial difference between the *freedom* to travel internationally and the *right* of interstate travel."  *Haig v. Agee*, 453 U.S. 280, 307 (1981) (emphasis added).  A liberty interest less than fundamental generally receives rational basis review, which demands only that a governmental infringement on the interest "be rationally related to legitimate government interests."  *Washington v. Glucksberg*, 521 U.S. 702, 728 (1997).

Courts have routinely denied such challenges to statutory schemes restricting passport access.  *See, e.g.*, *Eunique v. Powell*, 302 F.3d 971, 973-74 (9th Cir. 2002) ("Thus, we must presume [42 U.S.C.] § 652(k) to be valid, and we must uphold it 'if it is rationally related to a legitimate government interest.'") (recognizing distinction from 'virtually unqualified' right to interstate travel) (citation modified); *Weinstein v. Albright*, 261 F.3d 127, 140 (2d Cir. 2001) (applying rational basis review to uphold 652(k)); *Murphy v. Brockenborough*, 2026 WL 195413, at *1 (4th Cir. Jan. 26, 2026) (affirming dismissal of challenge to § 652(k), which district court considered under rational basis review); *Risenhoover v. Washington Cnty. Cmty. Servs.*, 545 F. Supp. 2d 885, 890 (D. Minn. 2008) (dismissing constitutional challenge to 652(k) under rational basis review, finding adequate procedural protections); *Maehr v. United States Dep't of State*, 5 F.4th 1100, 1107 (10th Cir. 2021) (same for FAST Act, restricting passports to those who owe more than $50k in taxes); *Franklin v. United States*, 49 F.4th 429, 437-38 (5th Cir. 2022) (upholding FAST Act under intermediate scrutiny); *Jones v. Mnuchin*, 529 F. Supp. 3d 1370, 1380 (S.D. Ga. 2021) (FAST Act passes rational basis review).

The statute easily survives rational basis review.  "There can be no doubt that the failure of parents to support their children is recognized by our society as a serious offense against

morals and welfare." *Eunique*, 402 F.3d at 974 (citing *Braunfeld v. Brown*, 366 U.S. 599, 603 (1961). Plaintiff has thus failed to state a claim challenging 42 U.S.C. § 652(k).

IV.   **Plaintiff fails to adequately allege that he has a recognized disability for purposes of the ADA and Rehabilitation Act.**

Plaintiff asserts that Defendants failed to accommodate his disability under both the ADA and the Rehabilitation Act in assessing child support and denying his passport, but he fails to properly allege that he has a disability for the purposes of either statute.

Both the ADA and the Rehabilitation Act require Plaintiff to assert that he suffers from a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102; 29 U.S.C. § 705(9)(A)–(B) (including definition of terms under Rehabilitation Act and specifically referencing ADA definition); s*ee also Hill v. Walker,* 737 F.3d 1209, 1216 (8th Cir. 2013); *M.P. ex rel. K. & D.P. v. Indep. Sch. Dist. No. 721, New Prague, Minn.,* 439 F.3d 865, 867 (8th Cir. 2006). Major life activities include walking, standing, caring for oneself, performing manual tasks and working. *See* 42 U.S.C. § 12012(2)(A). Additionally, to establish a *prima facie* case under the Rehabilitation Act, Plaintiff must allege that he was involved in a program that received federal financial assistance. *See Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999).

The only reference to a medical condition in his Complaint is a letter from a physician dated February 22, 2024, stating that Plaintiff would be traveling to British Columbia the first week in March 2024 for consultation with an orthopedic surgeon relating to chronic injuries affecting his hips and rotator cuff. Doc. [1-1] at 70. There are no allegations in Plaintiff's Complaint that during the time he was being denied his passport and assessed child support that he was substantially impaired as to major life activities. Accordingly, Plaintiff fails to state a claim under the ADA or the Rehabilitation Act.

V.   **Plaintiff pleads no basis for relief under the APA.**

The APA instructs a reviewing court to hold unlawful and set aside final agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "A disputed action also may be set aside as arbitrary and capricious if the agency has acted 'without observance of procedure required by law.'" *Safari Club Int'l v. Zinke*, 878 F.3d 316, 325 (D.C. Cir. 2017) (first quoting 5 U.S.C. § 706(2)(D); then citing *Meister v. U.S. Dep't of Agric.*, 623 F.3d 363, 371 (6th Cir. 2010) ("even in cases arising under

8

§ 706(2)(D), the arbitrary-and-capricious standard frequently governs.")); *see also Ctr. for Sci. in the Pub. Int. v. Perdue,* 438 F. Supp. 3d 546, 557 (D. Md. 2020) (same).

Plaintiff pleads no facts supporting entitlement to relief under the APA. If Plaintiff seeks to hold Defendants liable under the APA for transmitting a state agency certification of Plaintiff's child support debt to HHS and then to the Department of State, he has not alleged that Defendants failed to act in accordance with 42 U.S.C. § 652(k). As such, he fails to state an APA claim.

## VI.     Plaintiff's Privacy Act claims likewise fail.

To recover for a violation of the Privacy Act, Plaintiff must show: (1) Defendants disclosed protected information, (2) the information was retrieved from a system of records maintained by Defendants and (3) Defendants acted intentionally and willfully when releasing the information. 5 U.S.C. § 552a. Plaintiff must also show the violation had an adverse impact on him. 5 U.S.C. § 552a(g)(1)(D), (g)(4); *see also Wisdom v. Dept. of Hous. & Urb. Dev.,* 713 F.2d 422, 424 (8th Cir. 1983). Plaintiff has not alleged the disclosure of any protected information. Thus, he has failed to state a claim for relief.

## VII.     Plaintiff appears to have violated Federal Rule of Civil Procedure 11.

"Every filing in a federal court that contains citations to phony case law amounts to a violation of Rule 11(b) of the Federal Rules of Civil Procedure. There is no *pro se* exception to Rule 11(b)." *Turnage v. Associated Bank, N.A.*, 2025 WL 3052638, at *3 (D. Minn. Sept. 12, 2025), *aff'd summarily*, 25-3092 (8th Cir. Nov. 25, 2025); *see also Jones v. Kankakee Cnty. Sheriff's Dep't*, 164 F.4th 967, 970 (7th Cir. 2026) ("all litigants—represented and unrepresented—must read their filings and take reasonable care to avoid misrepresentations, factual and legal.").

Plaintiff cites at least three fake cases in Doc. [1-1] and misreports the holdings of real cases. There is no case called *Egelhoff v. Egelhoff* with a reporter cite of 628 F.2d 346 holding that "arbitrary passport restrictions [are] unconstitutional." Doc. [1-1] at 27. The reporter cite 628 F.3d 346 is a Fifth Circuit case from 1980, *Miller v. Carson*, which challenges conditions at a county jail and does not mention passports. Though there is a 2001 Supreme Court case called *Egelhoff v. Egelhoff*, it strikes down a Washington statute providing for automatic revocation upon divorce of ERISA beneficiary designations. 532 U.S. 141. The case does not mention passports. Likewise, cited cases *Missouri ex rel. Wilkerson v. Wilkerson*, 817 S.W.2d 77 (Mo.

9

Ct. App. 1991), and *Robinson v. Missouri Child Support Agency,* 2021 WL 5437824 (Mo. Ct. App. 2021), do not exist as cited or support the propositions for which Plaintiff cites them. Further, Plaintiff cites *Haig v. Agee*, 453 U.S. 280, 291 (1981), for virtually the opposite of its actual holding.  Plaintiff claims that it says "government-imposed passport restrictions must be justified by compelling evidence," but the case actually says that "a consistent administration construction of th[e] statute must be followed by the courts 'unless there are compelling indications that it is wrong.'" (quoting *E. I. du Pont de Nemours & Co. v. Collins*, 432 U.S. 46, 55 (1977).[5]

By signing his filings and presenting them to the Court, Plaintiff "certifie[d] that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that he was not presenting it "for any improper purpose" and that the "legal contentions" he made in his filings were "warranted by existing law."  FED. R. CIV. P. 11(b).  "Every filing in a federal court that contains citations to phony case law amounts to a violation of Rule 11(b) of the Federal Rules of Civil Procedure."  *Turnage*, 2025 WL 3052638, at *3; *see also Mills v. City of St. Louis*, 2025 WL 3470293, at *1 (E.D. Mo. Dec. 3, 2025) ("Providing the Court with fake cases and forged quotations cannot be squared with Rule 11(b).").

Plaintiff is ordered to show cause by April 17, 2026, why he should not be sanctioned under Rule 11(b) for citing non-existent cases and mischaracterizing existing ones.  Though the Court will not decide whether or how to sanction Plaintiff until it reviews his response to this Order, it notes that it has "broad discretion in the choice of sanctions."  *Vallejo v. Amgen, Inc.*,

---

[5] These are not the only examples.  *See also, e.g.*, Doc. [1-1] at 13 (citing case called *U.S. v. Bigelow* with case reporter cite 620 F.2d 911 for the proposition that "states must recognize the constitutional rulings of other jurisdictions when determining enforceability."  That reporter cite is to real case *Precious Metals Assocs., Inc. v. Commodity Futures Trading Comm'n*, 620 F.2d 900 (1st Cir. 1980), which held that provisions of Commodity Futures Trading Act prohibiting commodity options trading were not unconstitutionally vague, and does not mention passports.

903 F.3d 733, 747 (8th Cir. 2018).  Recent sanctions for presenting phony caselaw to courts include monetary sanctions,[6] filing restrictions,[7] and dismissal with prejudice.[8]

CONCLUSION

Having thoroughly reviewed and liberally construed the Complaint, the Court concludes that it fails to state a claim upon which relief may be granted.  The Court will therefore dismiss this action at this time, without prejudice, and will decline to exercise supplemental jurisdiction over any state law claims Plaintiff may bring.  *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (where all federal claims have been dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

Accordingly,

**IT IS HEREBY ORDERED** that that this case is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).  A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], Motion for Reconsideration, Doc. [6], and Motion for Extension of Time to Complete Service, Doc. [7], are **DENIED** as moot**.**

**IT IS FURTHER ORDERD** that within 14 days of this order, Doc. [1-1] will be re-docketed and unsealed by the Court with personal identifying information redacted per Eastern District of Missouri Local Rule 2.17(A)(1), (5).

---

[6] *See, e.g.*, *Nguyen v. Savage Enters.,* 2025 WL 679024, at *1 (E.D. Ark. Mar. 3, 2025) ($1,000 sanction for citing nonexistent authority); *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 466 (S.D.N.Y. 2023) ($5,000); *Wadsworth v. Walmart Inc.*, 2025 WL 608073, at *8 (D. Wyo. Feb. 24, 2025) ($3,000 and $1,000); *United States v. Hayes*, 2025 WL 235531, at *15 (E.D. Cal. Jan. 17, 2025) ($1,500).

[7] *See, e.g.*, *Turnage*, 2025 WL 3052638, at *3 ("Summary dismissal of this lawsuit is not an adequate deterrent; as explained above, this lawsuit is subject to summary dismissal anyway. Turnage cannot afford monetary sanctions and is unlikely to pay any sanction I might impose.")

[8] *See, e.g.*, *Mills v. City of St. Louis*, 2026 WL 251781, at *3 (E.D. Mo. Jan. 30, 2026) (dismissing claims with prejudice as sanction, finding it proper "if for no other reason than that it independently warrants dismissal of this action with prejudice; *see also United States v. Files*, 63 F.4th 920, 935 n.4 (10th Cir. 2023) (Newson, J., joined by Tjoflat, J., concurring) (when district courts provide "redundant decisional grounds," it can "meaningfully increase judicial efficiency"); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 307 (7th Cir. 2002) (Posner, J.) ("Even dismissal with prejudice wouldn't be much of a sanction unless the plaintiff's suit was a winner, or at least had some settlement value, which it may not have had.").

11

  **IT IS FURTHER ORDERED** that, <u>**no later than April 17, 2026**</u>, Plaintiff shall show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11(b) for the reasons set forth herein.

  **IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

  Dated this 31st day of March, 2026.

                _____

                SARAH E. PITLYK
                UNITED STATES DISTRICT JUDGE